```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  DELA YADOR,

                    Plaintiff,            MEMORANDUM & ORDER
                                           19-CV-4128 (EK)(RML)
          -against-

  JASON MOWATT,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Trial is scheduled to begin shortly in this case. Both plaintiff Yador and defendant Mowatt have submitted various motions *in limine*. See ECF Nos. 98-99, 121, 123. The Court resolves several of those motions as follows, and reserves judgment on any motion not expressly addressed herein.[1]

***Motion to Preclude Argument and Testimony Regarding the Impact of This Litigation on Trap Karaoke (Yador).*** Yador seeks to preclude argument or testimony about the impact that this lawsuit may have Trap Karaoke. That motion is granted for the liability phase of the trial (including opening and closing statements) for substantially the same reasons as those outlined in Yador's moving papers. The Court reserves judgment on this motion as to the damages phase.

---

[1] The Court has already granted Mowatt's motion to bifurcate the trial. *See* Docket Order dated February 19, 2025.

***Motion to Preclude Argument and Testimony Regarding Yador's "Motivation for Bringing Suit" (Yador).*** Yador seeks to preclude Mowatt from discussing his motivation for bringing this suit, including "any suggestion that [Yador] intends to take over Trap Karaoke." Pl.'s Mots. in Limine 2, ECF No. 98. The parties' briefs are not completely clear on the nature of the evidence (or argument) at issue here. Regardless, the parties should expect that any evidence concerning remedies will be excluded from the liability phase of the trial, and — for the avoidance of doubt — the Court views arguments and testimony about Plaintiff's intent "to take control of Trap Karaoke" as falling into that category.[2] *Id*. Likewise, the Court does not perceive the relevance of any argument or testimony concerning the procedural history of this case, including with respect to a preliminary injunction. Evidence on that subject, too, will be excluded.

***Motion to Preclude Expert Testimony Beyond the Scope of Reports Produced in Discovery (Yador).*** Yador moves to preclude Mowatt's rebuttal expert — Brad Wilson — from offering opinions that were not disclosed in his rebuttal report. The Court reserves judgment on this issue, which appears to relate

---

[2] The Court does not, as things stand, understand what *evidence* Mowatt is referring to in his discussion of Yador's "potential ulterior motive in filing suit." Def.'s Mem. in Opp. to Pl.'s Mots. in Limine 3, ECF No. 101. Mowatt may seek to explain that reference if he chooses.

2

only to the damages phase. *See id.* at 4. Nevertheless, the parties should prepare their experts to express only those *opinions* that were properly produced.

***Motion to Preclude Mowatt's Testimony Regarding the Valuation of Trap Karaoke (Yador).*** Yador moves to preclude Mowatt from testifying about the value of Trap Karaoke. The Court reserves judgment on this motion pending a valid foundation for such testimony. That foundation would extend to, among other things, both (1) the facts Mowatt has actually perceived and (2) the relationship between those facts and any opinion(s) to be elicited. For example, there are industries in which many sophisticated participants know and believe that businesses tend to sell for a given (and approximate) multiple of revenue or earnings. Trap Karaoke may or may not have operated in such an industry, and even if it had, Mowatt may or may not have been such a participant.

***Motion to Preclude Evidence on the "Value of Plaintiff's Alleged 50% Interest in Trap Karaoke" (Mowatt).*** The Court understands this motion to relate only to the damages phase of trial, and (on that basis) reserves judgment on it.

***Motion to Preclude Evidence "Regarding Defendant's Employment at Trillectro" (Mowatt).*** Mowatt moves to exclude certain testimony from Modi Oyewole, his former "boss" at a firm called Trillectro. Yador describes Trillectro as "a music

3

platform that hosts a music festival." Pl.'s Mem. in Opp. to Def.'s Mots. in Limine 9, ECF No. 102. Based on the joint pretrial order, Mowatt anticipates that Oyewole will testify about Mowatt's "role" at Trillectro, the circumstances surrounding Mowatt's separation from the firm, and Mowatt's "conduct following the separation." Def.'s Mots. in Limine 10, ECF No. 99. He contends that such testimony would be irrelevant and, under Rule 403, substantially more prejudicial than probative. *See id.* at 10-11 (certain proposed testimony "amounts to little more than scathing *ad hominem* attacks on Defendant's character").

Yador responds that Oyewole's testimony will provide "helpful context" to the instant factual dispute and inform the jury's assessment of Mowatt's (a) understanding and usage of the word "partner," which is in dispute, and (b) mental state in connection with actions such as listing his own home address for all partners on firm documentation. Pl.'s Mem. in Opp. to Def.'s Mots. in Limine 9-16.

The motion to preclude this testimony *categorically* is denied, largely for the reasons articulated by Yador. The Court will nevertheless entertain objections to individual questions under Rules 401 and 403.

***Motion to Preclude Evidence Concerning "Plaintiff's 2015-2016 Health Issue" (Mowatt).*** Yador advises that he may

4

seek to testify about an ACL tear he suffered in 2015 and certain ensuing complications (including a pulmonary embolism). The parties dispute whether that testimony would be relevant to rebut one of Mowatt's defenses. It appears that Mowatt may argue that Yador manifested an unequivocal election to terminate the partnership when he "ceased his involvement" in Trap Karaoke during his health issues. *See* Def.'s Mots. in Limine 14. If so, Yador would seek to explain that he was absent from certain business events not because he wished to terminate the partnership arrangement, but rather because he was medically unable to attend.

"The dissolution of a partnership at will may be implied from circumstances," but only through "unequivocal acts" that "signify the exercise of the will of the [actor] that the partnership be dissolved." *Spears v. Willis*, 151 N.Y. 443, 449 (1897).[3] This is, of course, a fact-intensive analysis. To the extent Mowatt will argue that Yador's absence(s) manifested such an unequivocal election, Yador must be permitted to set the context for, and explain, such acts.

***Motion to Preclude Evidence or Argument that Mowatt Was Unjustly Enriched by Yador's Contribution of the "Idea" for Trap Karaoke (Mowatt).*** This motion is predicated on Mowatt's

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5

assertion — made in summary judgment briefing — that federal law preempts a state-law unjust enrichment claim arising out of the contribution of intellectual property. *See* Def.'s Mem. in Supp. of Summ. J. 16, ECF No. 81-2. The unjust enrichment claim is not so-preempted, however, and this motion is denied for the reasons set out in Yador's response to that briefing, *see* Pl.'s Mem. in Opp. to Summ. J. 20-21, ECF No. 81-15; Yador's opposition to Mowatt's motions *in limine*, *see* Pl.'s Mem. in Opp. to Def.'s Mots. in Limine 20; and the Court's order on summary judgment, *see* Order on Summ. J. 11 n.8, ECF No. 90.

    SO ORDERED.

                                                             /s/ Eric Komitee
                                                            ERIC KOMITEE
                                                            United States District Judge

Dated:    February 23, 2025
            Brooklyn, New York