```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

DELA YADOR,

               Plaintiff,         **MEMORANDUM & ORDER**
                                            19-CV-4128 (EK)(RML)

        -against-

JASON MOWATT,

               Defendant.

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Before the Court are defendant Jason Mowatt's motions to seal portions of the trial record. *See* ECF Nos. 169, 182. The Court assumes the parties' familiarity with the relevant procedural and factual background. For the reasons outlined below, the motions are granted in part and denied in part.

### I. Legal Standard

        There is a "strong presumption" that "judicial documents" should remain unsealed. *In re Demetriades*, 58 F.4th 37, 45-46 (2d Cir. 2023).[1] A "judicial document" is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Trial exhibits and testimony are judicial documents, because they are a "direct part of the process of adjudication." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Indeed, the presumption of access to "evidence introduced in trials" is "especially strong." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Such evidence will remain unsealed absent a showing that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

## II.  Discussion

Mowatt seeks to seal (1) all exhibits and testimony from the damages phase of the trial, (2) select plaintiff exhibits containing confidential business information, (3) select plaintiff exhibits containing personal information, and (4) testimony regarding his income and tax returns. The Court addresses each category in turn.

**A.  Exhibits and Testimony from Damages Phase**

Mowatt first asks that all exhibits and testimony from the damages phase be sealed "pending the resolution of the motion for an accounting and to set aside the verdict as advisory." *See* First Def. Mot. to Seal 2, ECF No. 169 ("First Mot."). This is appropriate, he argues, because if the Court decides to treat the jury's damages verdict as advisory, then

those exhibits and testimony "will have no bearing on the outcome" of the damages calculation. *Id.*

This argument is unavailing. Mowatt cites no authority for the proposition that the "strong presumption" of public access to trial documents, *In re Demetriades*, 58 F.4th at 45-46, vanishes when the court treats a trial verdict as advisory. And there is little reason to believe that it would. The Court would consider, and likely rely on, the documents and testimony from the damages phase when conducting a judicial accounting. So, even if the jury verdict were set aside, the damages adjudication would still hinge (at least in part) on the same evidence Mowatt now seeks to remove from public view. The Second Circuit has made clear that when documents "are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, and thus can be overcome only extraordinary circumstances." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Mowatt has not shown such circumstances here.

**B.   Plaintiff Exhibits with Confidential Business Information**

Mowatt also argues that certain exhibits introduced by Yador during trial contain confidential business information, and therefore should be sealed.[2] The Court disagrees.

---

[2] These exhibits are PTX-012, PTX-014, PTX-020, PTX-025, PTX-035, PTX-068, PTX-070, PTX-072, PTX-096, PTX-114, PTX-159a, PTX-178, PTX-179, PTX-218,

3

"[T]he protection of sensitive, confidential, or proprietary business information" can justify sealing. *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 209 (E.D.N.Y. 2024). But "conclusory statements that documents contain confidential business information" will not overcome the presumption of public access. *Id.* Instead, the moving party "must make a particular and specific demonstration of fact" as to why sealing is necessary. *Id.*

Here, Mowatt has not sufficiently explained why the exhibits in question should be sealed. In his briefing, he relies on conclusory assertions that certain exhibits contain information that could "undercut Trap Karaoke's competitive advantage," "be misused by a competitor," or "potentially damage[] Trap Karaoke." *E.g.*, First Mot. 3; Second Def. Mot. to Seal 3, ECF No. 183 ("Second Mot."). But he does not specifically explain *why* such competitive harm is likely to occur. And this omission is particularly pronounced given that much of the information in question is at least five years old. "[T]he older the information is, the less appropriate it is to seal that information, particularly when the party does not

---

and PTX-219. Mowatt also appears to suggest that these exhibits should be sealed because they were marked "confidential" during discovery. First Mot. 3-7. But "the mere fact that [a] document was marked confidential during discovery does not establish that sealing is required." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15-CV-211, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021) (citing *Lugosch*, 435 F.3d at 126).

explain with specificity why, despite the passage of time, the information should still be sealed." *In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) (collecting cases). So, the dated information invoked by Mowatt "cannot support the necessary finding of harm" absent a credible explanation as to why continued sealing is necessary. *See Dawson v. Merck & Co.*, No. 12-CV-1876, 2021 WL 242148, at *8 (E.D.N.Y. Jan. 24, 2021) (collecting cases).[3]

**C.  Plaintiff Exhibits with Personally Identifying Information**

Mowatt asserts that other exhibits should be sealed (or at least redacted) because they contain sensitive personal information, including his phone number, email address, business address, Venmo username, and "messages of a personal nature."[4] First Mot. 5-7. The Court agrees in part.[5]

---

[3] Mowatt's justification for sealing PTX-068 is slightly more specific. He suggests that the exhibit, which contains a detailed schedule and equipment list for a Trap Karaoke event, would permit a competitor to "replicate a Trap Karaoke show" or to "hire the individuals listed on the email." First. Mot. 4. But it is unclear why a competitor could not acquire similar information by simply attending a Trap Karaoke show. "Clearly, if the information is already available to competitors, then it does not qualify as confidential." *United Techs. Corp., Pratt & Whitney Aircraft Grp. v. Marshall*, 464 F. Supp. 845, 854 (D. Conn. 1979).

[4] These exhibits are PTX-073, PTX-139, PTX-163, PTX-179, and PTX-238.

[5] The fact that certain evidence was admitted in open court does not mean that *post hoc* redactions are categorically inappropriate. *See generally United States v. Akhavan*, 532 F. Supp. 3d 181 (S.D.N.Y. 2021) (permitting post-trial redaction of exhibits that were admitted in open court). Indeed, in this case, the cat is not entirely out of the bag. The exhibits that Mowatt seeks to seal or redact have not been filed on the public docket. So, if a member of the public wishes to view an exhibit, they must obtain that exhibit from the parties, who will have the opportunity to apply any necessary redactions. Similarly, while the trial transcripts *are* on the

5

"Typically, sealing of personal information such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public is warranted unless that information has bearing on issues before the court." *Farris v. Avon Prods., Inc.*, No. 23-CV-2023, 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024) (emphasis added). Here, Mowatt's personal contact information has no bearing on the issues before the Court. So, the exhibits that contain Mowatt's personal phone number, email address, or Venmo username — which Mowatt identifies as PTX-073, PTX-139, and PTX-163 — may be redacted to exclude that information.[6] First Mot. 5-6.

However, not all the information cited by Mowatt is sensitive enough to justify sealing or redaction. Trap Karaoke LLC's business address is already public as a matter of New York law. *See* N.Y. Limit. Liab. Co. §§ 203, 206. Furthermore, Mowatt's request to seal or redact the "messages . . . of a personal nature" that appear in PTX-179 is also unwarranted. First. Mot. 6-7. Mowatt does not explain why those messages are so personally sensitive that they should be shielded from public

---

docket, members of the public cannot freely access them until June 30. *See* ECF Nos. 161-164.

[6] The Court notes that while several other exhibits in Mowatt's motion also contain personal contact information, he has not moved to seal or redact them on that basis. Out of an abundance of caution, the Court makes clear that its rulings as to PTX-073, PTX-139, and PTX-163 also permit Mowatt to redact personal contact information from any other trial exhibits provided to the public or filed on the public docket. He may also seek targeted redactions of the trial transcript to remove any references to personal contact information.

6

view.  And the Court's own review does not suggest that any such explanation exists.

**D.   Testimony about Mowatt's Income**

Finally, Mowatt seeks to redact testimony about his personal tax returns — specifically, his business income — that was elicited on cross-examination.  First. Mot. 8.  This request is both conclusory and overbroad.

"Sealing is warranted to protect personal . . . income tax information."  *Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC*, No. 21-CV-659, 2023 WL 4746180, at *1 (D. Conn. Apr. 27, 2023); *see also Solomon v. Siemens Indus., Inc.*, 8 F. Supp. 3d 261, 285 (E.D.N.Y. 2014) ("Tax returns are generally afforded special protection from public disclosure.").  However, any such sealing must still be "narrowly tailored."  *In re Applications to Unseal 98 CR 1101(ILG)*, 568 F. App'x 68, 70 (2d Cir. 2014); *see Fung-Schwartz v. Cerner Corp.*, No. 17-CV-233, 2021 WL 4776461, at *2 (S.D.N.Y. Oct. 12, 2021) (declining to seal "deposition [testimony] discussing tax returns" absent "appropriately limited redactions").

Here, Mowatt seeks to redact around thirty lines of his testimony on cross-examination.  But only a small fraction of that testimony even references financial information.  And Mowatt has not explained why the financial information that is referenced (i.e., business income attributed to Trap Karaoke in

7

2016 and 2017) is sensitive enough to justify redaction.  The Court therefore declines to redact the testimony at this time.

### III. Conclusion

For the foregoing reasons, Mowatt's motions to seal are granted in part and denied in part.

SO ORDERED.

                                             /s/ Eric Komitee
                                            ERIC KOMITEE
                                            United States District Judge

Dated:    June 18, 2025
           Brooklyn, New York