```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

DELA YADOR,

                Plaintiff,        **<u>AMENDED INJUNCTION</u>**
                                                 19-CV-4128 (EK)(RML)

          -against-

JASON MOWATT,

                Defendant.

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Before the Court is plaintiff Dela Yador's motion for a preliminary injunction. The Court held argument on the motion on May 9, followed by an evidentiary hearing on May 29 at which the defendant testified. Following the evidentiary hearing, both parties submitted (at the Court's request) proposed language for a preliminary injunction.[1] *See* ECF Nos. 185, 186. For the reasons outlined below, the Court enters an injunction that largely accords with the plaintiff's proposed language, which, as discussed below, is actually more protective of the defendant's interests in certain significant ways.

---

[1] Mowatt's position on the necessity of injunctive relief is not entirely clear. In his letter proposing language to the Court, Mowatt maintained that no preliminary injunction should enter. *See* ECF No. 186, at 2. But at the evidentiary hearing, his counsel suggested otherwise. *See* Evid. H'ing Tr. 55:21-56:10, ECF No. 188 (stating that it had not "been [defendant's] position" that no injunctive relief was necessary). In an abundance of caution, the Court assumes the parties do not agree about the necessity of injunctive relief.

## I. Discussion

The Court presumes the parties' familiarity with the relevant factual and procedural background.

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).[2]

### A. Likelihood of Success on the Merits

Yador has already succeeded on the merits, because he won a jury verdict. *See, e.g.*, *Motorola, Inc. v. Abeckaser*, No. 07-CV-3963, 2009 WL 1362833, at *4 (E.D.N.Y. May 14, 2009) ("Given that plaintiff has already prevailed on the merits of two of its claims, plaintiff has demonstrated actual success on the merits."); *Hayward Indus., Inc. v. Ningbo C.F. Elec. Tech. Co., Ltd.*, No. 20-CV-710, 2024 WL 1587024, at *2 (W.D.N.C. Apr. 11, 2024) ("Plaintiff has already succeeded on the merits, as evidenced by the jury verdict . . . ."). So, there is no dispute that Yador has a right to damages.[3] Instead, the issue

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[3] Mowatt argues in his post-trial briefing that the Court should treat the jury's damages verdict as advisory. *See* ECF No. 181. But even if Mowatt prevails on that argument, it will not alter the fact that he owes a substantial amount of money to Yador, and therefore would not alter the analysis here.

is whether Mowatt's actions make it likely that Yador will "ultimately be [unable] to collect . . . the damages to which [he is] entitled." *Motorola*, 2009 WL 1362833, at *3. This goes to the question of harm.

**B.   Likelihood of Irreparable Harm**

Yador has adequately alleged a likelihood of irreparable injury. Yador claims that Mowatt attempted to transfer assets (specifically, the Trap Karaoke trademark) in a manner that would frustrate the collection of a valid judgment. "[P]reliminary injunctions are proper to prevent a defendant from making a judgment uncollectible . . . ." *Republic of Philippines v. Marcos*, 806 F.2d 344, 356 (2d Cir. 1986).

Here, Mowatt appears to have already taken a step towards transferring assets subject to the judgment. On April 27 (after the judgment in Yador's favor), Mowatt filed a sworn application with the U.S. Patent and Trademark Office to list the Trap Karaoke trademark on the Principal Register. *See* Aff. of Jason Mowatt ¶ 3, ECF No. 176. The application listed the mark's owner as UGX Brands, LLC. *Id.* ¶ 2. But Mowatt later averred that this representation was inaccurate, and that he owns the mark personally. *Id.* ¶ 5; Evid. H'ing Tr. 12:10-19, ECF No. 188. He withdrew the application only after receiving notice of Yador's request for a TRO. *See* Aff. of Jason Mowatt ¶ 7. Mowatt asserts that he never intended to put the trademark

3

beyond Yador's (or this Court's) reach, and that he did not understand the potential consequences of his action. Evid. H'ing Tr. 18:20-20:16. But the case law does not require that irreparable injury be intentional, only that it be likely. *Winter*, 555 U.S. at 20.

More generally, the informal and overlapping relationships between Trap Karaoke, Mowatt, and the UGX entities make it likely that Mowatt will (even without malicious intent) dissipate property that is subject to the judgment in Yador's favor. As defense counsel conceded at the evidentiary hearing, Mowatt runs Trap Karaoke in a highly informal manner. *See* Evid. H'ing Tr. 52:5-8. He is the company's sole owner, and it is his "sole source of income." *Id.* at 4:19-21; *see also* Aff. of Jason Mowatt, ECF No. 176. Meanwhile, the UGX companies are Ohio-based LLCs solely owned by Mowatt. Evid. H'ing Tr. 11:7-9, 26:1-28:2, 34:18-25. They have no revenue, and Mowatt personally covers their expenses. *Id.* at 24:8-20. They apparently hold and license some (but, crucially, not all) trademarks associated with Trap Karaoke. *Id.* at 10:1-17, 35:18-20. There are no written agreements defining the relationship between the UGX entities and Trap Karaoke. *Id.* at 22:5-7. Thus, the distinction between Mowatt's assets and those of Trap Karaoke and the UGX companies is, at best, unclear.

4

The risk of an improper transfer is even more pronounced given that Mowatt has appeared (at times) unaware of which entity owns a given mark. For instance, in a separate lawsuit, Mowatt's complaint referred to Trap Karaoke as a "UGX mark." Evid. H'ing Tr. 33:7-34:1. Here, however, Mowatt has testified that neither UGX entity owns the mark, and that his allegation in the separate lawsuit was inaccurate. *See* Aff. of Jason Mowatt ¶ 5. This comes in addition to the uncertainty Mowatt evidenced regarding the U.S. Patent and Trademark Office registration.

In sum, the Court concludes that, absent injunctive relief, it is likely that Mowatt will transfer or squander property subject to the judgment to entities outside the Court's jurisdiction.

**C.   Balance of Equities**

The balance of equities tips in favor of Yador at this point. Yador's interest in collecting on a valid judgment outweighs Mowatt's lesser interest in managing Trap Karaoke with no outside interference. And the risk of such interference can be managed by effectively tailoring of the injunction's terms, as the Court does below.

**D.   Public Interest**

"The public has an interest in the enforcement of judgments." *Black v. Owen*, No. 14-CV-23, 2018 WL 806511, at *3

5

(D. Conn. Feb. 9, 2018) (quoting *State Farm Mut. Auto. Ins. Co. v. Am. Rehab & Phys. Therapy, Inc.*, 376 F. App'x 182, 184 (3d Cir. 2010)).  So, the public interest favors an injunction here.

## II. Injunction

Having reviewed the parties' proposed language, the Court concludes that Yador's proposal is more appropriate.  As an initial matter, Mowatt's proposed language only bars him from transferring property that "was the property of or [was] used in the operation of the Trap Karaoke partnership from its inception through September 2017."  *See* ECF No. 186, at 3.  But Mowatt never explains why the injunction should not apply to property that Trap Karaoke used or acquired after September 2017.  After all, Yador is entitled to a share of Trap Karaoke's *value* at the time of its dissolution, and not merely to specific *assets* it held at the time.  The Court therefore sees no basis for Mowatt's proposed limitation.

Once we remove Mowatt's proposed temporal limitation, Yador's proposal is actually the more tailored one.  For example, Yador would permit Mowatt to transfer Trap Karaoke assets "in the ordinary course of the business for fair consideration," and to transfer personal assets for "fair consideration."  ECF No. 185, at 2.  Further, he would only require Mowatt to notify him of such transfers if the value of

6

the underlying property exceeds $2,000. *Id.* Mowatt's proposed language does not include these thresholds and limitations.

Accordingly, the Court largely adopts Yador's proposed language. Until he has paid to Yador any and all judgments arising from this case, Mowatt is enjoined from transferring to any individual or entity:

- Assets that are the property of Trap Karaoke or otherwise necessary to the operation of the Trap Karaoke business, outside of payments made in the ordinary course of the business for fair consideration;[4] or

- Any personal property without fair consideration.

Should Mowatt seek to transfer (in the ordinary course of business and for fair consideration) assets with a value equivalent to $2,000 or more, and which are property of Trap Karaoke or otherwise necessary to the operation of the business, he must provide Yador with seven days' prior written notice, identifying the nature, value, purpose, and recipient of the transfer (including any relationship to the recipient), so that Yador may have the opportunity to assess and object. The same notice requirement applies to any transfers (for fair consideration) of personal property with a value equivalent to $2,000 or more. The parties shall confer telephonically or in-person before raising any further objections to the Court.

---

[4] "Payments made in the ordinary course of the business" are those that are similar in nature, amount, and frequency to other similar, historical payments made by Mowatt in the past five years.

7

### III. Conclusion

For the foregoing reasons, the motion for a preliminary injunction is granted.

SO ORDERED.

                                         /s/ Eric Komitee
                                         ERIC KOMITEE
                                         United States District Judge

Dated:    July 21, 2025
            Brooklyn, New York